THE STATE ex rel. ANNIE L. BROWN v. McINTOSH et al., State Board of Dental Examiners.

**In Banc, July 2, 1907.**

1. **PRACTICE: Mandamus: Facts Admitted: Issues.** In mandamus where the pleadings consist of the alternative writ, respondent's return and relator's motion for judgment *non obstante,* the case stands on an issue of law on any allegations of fact in the writ not denied by the return, and on the allegations of new matter in the return—all allegations of fact well pleaded being taken as true for the purposes of the motion.

2. **CERTIFICATE: Construing Law: Ministerial Officer.** Courts are not bound by the ideas of a city register as to the legal import of the acts of one who registers as a dentist. The mere wording of his certificate that the applicant's registration brought him within the provisions of a certain law is not binding on the courts.

3. ————: **Dentist: No Affidavit: Refusal to License.** Where a city register's certificate, issued on June 4, 1897, prior to the time the Dentist Act of 1897 went into force, did not show that relator at the time of registering filed a copy of her diploma, duly sworn to by her, as required by section 2 of the act of 1883, she did not have the absolute right to compel the Dental Board to issue to her a license to practice dentistry. That act made the certificate only prima-facie evidence of the right of

the holder to practice dentistry, and a copy of the diploma and the affidavit should remain on file with the register, to afford protection against fraud in coming under the cloak of a sham or bogus diploma. And the Dental Board, appointed under the act of 1897, on receiving the certificate bearing that date, had a right to compel the holder, as a condition of her receiving a license, to appear and show that the certificate was not obtained through fraud.

4. **DENTIST: License: Act of 1897: Refusal to Comply with Prior Law.** Where the city register's certificate showing that relator was a licensed dentist was issued to her on June 4, 1897, while the Act of 1883 was yet in force, and relator forwarded that certificate to the Dental Board with the required fee for a license, and the board required her to appear and prove herself to be the lawful possessor thereof and that it was not obtained through fraud, and she refused to comply with such requirement and in consequence no license was issued to her, she cannot, on the theory that she was lawfully and regularly engaged in the practice of dentistry at the time of the passage of the act of 1897 and had complied with the laws theretofore in force and thereby was a lawfully licensed dentist although the board had not issued to her a license, compel the board, by mandamus, to issue to her a license.

5. **MANDAMUS: License: Laches.** Relator's laches must be taken into account on an application for a peremptory writ of mandamus.

6. ———: ———: ———: **Persistent Violation of Law.** Where relator has, whether through inadvertence or wilfully, continuously violated the law by practicing dentistry without a license, she ought not to be heard to complain of the action of the Dental Board in refusing her a license.

7. ———: ———: **Clear Right.** Relator must show she has a clear and specific right to a license to practice dentistry before a peremptory writ of mandamus to the Dental Board to issue her a license will go.

8. ———: **Dental Act of 1905: License: Examination.** The Dental Act of 1905 affords no legal way for beginning the practice of dentistry in this State without a successful examination before the Dental Board; and a prior practitioner of dentistry who had no license cannot by mandamus compel the issuance of a license to her.

9. ———: ———: **License: Right to Relief.** If the Dental Board imposed on relator requirements not authorized by the law, that is, not within its terms by fair construction, she would be entitled to relief by mandamus.

10. **VESTED RIGHT: Dentist.** No individual has a vested right to practice dentistry. A license has no elements of a contract, because the person receiving it does not stipulate to use it. It is a mere naked grant of a privilege usable at the option of the licensee.

## Mandamus.

PEREMPTORY WRIT DENIED.

*T. J. Rowe* and *Henry Rowe* for relator.

Relator's contention is that she was on June 4, 1897, by virtue and authority of the Act of 1883, a dentist, and that she had a right to practice dentistry in the State of Missouri. Upon the pleadings herein, we have the admission by respondents that relator, on June 4, 1897, was lawfully engaged in the practice of dentistry or dental surgery in the city of St. Louis. State ex rel. v. Fisher, 119 Mo. 350. The certificate issued by the city register or clerk of the county court is prima-facie evidence of the right of the holder to practice dentistry, and whenever he is prosecuted for a violation of section 6889 it is incumbent on him to prove that he holds such a certificate. It is admitted by the pleadings in this case that Annie L. Brown, the relator, on June 4, 1897, filed her diploma with the register of the city of St. Louis, and that the register in a book kept by him for that purpose registered therein the name of Annie L. Brown, the date of filing and the nature of the instrument.

*W E. Owen* and *Thompson & Campbell* for respondents.

(1) The certificate issued to relator by the register of the city of St. Louis, on June 4, 1897, is a nullity, because it purports to have been issued in pursuance of the Dental Act approved March 19, 1897, and said act at that time was not a law. (2) Treating the certificate as a certificate in compliance with the

requirement of the Dental Law of 1883, still relator cannot ask this court to compel the present Dental Board to issue to her a license under the Act of 1905, because relator has not been licensed under the present or any previous board of this State. It is incumbent upon one seeking relief by mandamus to allege and prove that he has a specific right to the relief claimed. State ex rel. v. Lessuer, 136 Mo. 452; State ex rel. v. Hudson, 13 Mo. App. 61. Mandamus is not the appropriate remedy where plaintiff's rights depend upon a doubtful question. Hulse v. Marshall, 9 Mo. App. 148. A petitioner for a writ of mandamus must show himself the possessor of a clear and legal right to the remedy he seeks in order to maintain his position. State ex rel. v. Williams, 97 Mo. 291. Mandamus will not lie to compel an officer to do that which he is expressly forbidden to do. State ex rel. v. Macon County Court, 68 Mo. 29. Mandamus lies only to compel the performance of a duty clearly enjoined by the law. State ex rel. v. Hudson, 13 Mo. App. 61. (3) So long as relator bids defiance to the law by openly practicing dentistry without a license, she cannot be heard to complain of the action of the Dental Board in refusing her a license. State ex rel. v. State Board of Health, 103 Mo. 30; Austin v. State, 10 Mo. 591; State v. Doerring, 194 Mo. 398. (4) These identical dental acts and kindred enactments have received the consideration of this court in the following cases: State v. Davis, 194 Mo. 485; State v. Doerring, 194 Mo. 398; State ex rel. v. Board of Health, 103 Mo. 22; State ex rel. v. Goodier, 195 Mo. 551; State v. Hathaway, 115 Mo. 36; State ex rel. v. Lutz, 136 Mo. 633; State ex rel. v. Gregory, 83 Mo. 123; State ex rel. v. Sternberg, 96 Mo. 299; State v. Garesche, 36 Mo. 261; State ex rel. v. Polk County, 29 Mo. 521; Simmons v. State, 12 Mo. 268; Austin v. State, 10 Mo. 591. The above cases conclusively dispose of the contention of counsel for re-

lator upon which· his argument seems to be founded, viz., that relator "acquired a vested right to practice the profession, which she had for a great number of years prior thereto been following."

LAMM, J.—This is an original proceeding in this court by mandamus to compel respondents, styled the "State Board of Dental examiners for the State of Missouri" (Laws 1905, p. 214), hereinafter called the "board," to issue to relator a license, or "renewal license," to practice dentistry in accordance with sections 8527 and 8528 of the Dentist Act of 1905 (Ann. Stat. 1906, p. 400, et seq.)

An alternative writ went, requiring respondents to issue such license immediately on receipt thereof, or appear and show cause why it has not been done.

Respondents made return. On the coming in of that return, relator lodged a motion for judgment, that a peremptory mandamus go, *non obstante*. The case thus stands on an issue at law on any allegations of fact in the alternative writ not denied by the return, and on the allegations of new matter in the return, if any—all such allegations of fact, well-pleaded, being taken as true for the purposes of the motion.

Attending to the narrations of the alternative writ they are, in a nutshell, that relator, on the fourth day of June, 1897, and long prior thereto, was, since that time has been, and now is a bona fide practitioner of dentistry and dental surgery in the city of St. Louis, lawfully so engaged; that on the date first aforesaid she was duly registered as a qualified dentist by the register of said city in accordance with the provisions of section 2 of the Dentist Act of 1883 (Laws 1883, p. 114); that on or about said date (to-wit, June 4, 1897), with a fee of one dollar, she filed with the board the certificate of said register, certifying she was a licensed dentist under the Dentist Act of 1897 (Laws 1897, p.

166) and had fully complied with the law—said certificate (omitting signature, seal and countersigning) being as follows: "I, Henry Besch, Register of the city of St. Louis, do hereby certify that Annie L. Brown, licensed dentist, under an act to repeal article 3 of chapter 110, Revised Statutes of Missouri of 1889, and to enact a new article in lieu thereof, to be known as article 3 of chapter. 110, approved March 19, 1897, has this day recorded his certificate in the office of the City Register, as required by section 8 of said Act;" that said certificate was filed within ninety days after the Act of 1897 became a law; that by virtue of the provisions of that act, it was the duty of said board to issue a license to her; that in violation of their duty they failed and neglected so to do; that, the premises considered, *she became and was a licensed dentist, was and is a bona fide practitioner of dentistry, etc.,* and since June 4, 1897, until November 30, 1905 (and ever since), has lawfully practiced her profession in St. Louis, as a reputable, proficient, legal and duly qualified dentist; that on May 10, 1906, relator made requests and demands upon said board (sending another dollar and a re-certification of the registration hereinbefore set forth) as follows (omitting caption and signature):

"On the fourth day of June, 1897, and for a long time prior thereto, I was legaly engaged in the practice of dentistry in the city of St. Louis, Missouri, and was duly qualified to practice dentistry and was properly registered as such by the register of the city of St. Louis, and that I filed with the State Board of Dental Examiners of the State of Missouri, the certificate of the register of the city of St. Louis which certified that I was a licensed dentist under the Act of March 19, 1897, and that I had fully complied with the law. That with said certificate I made a tender of payment of the fee required by law (sec. 8527, R. S. 1899) of one dollar. That said certificate and tender

was filed and made within ninety days after the act entitled 'Dentistry,' Act of March, 1897, became a law, to-wit, on or about June 4, 1897. That under and by virtue of the provisions of said act entitled 'Dentistry,' approved March 19, 1897, and which is now section 8527, Revised Statutes 1899, it was the duty of the State Board of Dental Examiners to issue to me a license, which they, in violation of their said duty, failed and neglected to do.

"You will find herewith enclosed a copy of the certificate which was filed with said board on or about June 4, 1897, and one dollar to pay the fee of one dollar required by act approved April 12, 1905, entitled, 'An Act to regulate Surgery.' See Laws 1905, page 214.

"My address is Carleton Building, northeast corner of Sixth and Olive streets, St. Louis, and my signature is at the end of this communication. You will therefore issue to me a license in accordance with the provisions of said section 8527, Laws 1905, page 214."

It is alleged that on receipt of the foregoing communication the board returned to relator the one dollar, but retained the register's certificate enclosed; and its secretary sent relator the following reply on May 12, 1906, to her requests and demands:

"Dr. Annie L. Brown,
     St. Louis, Mo.

"Dear Doctor:—Your letter of the 10th inst., addressed to the Dental Board containing fee of one dollar received, replying to which will say that soon after your first application for registration before this board, I wrote you that the board desired further information with reference to your registration and requested that you appear before the board at its meeting in Kansas City, May 10, 1898, or at any subsequent meeting thereof and prove that you were the lawful possessor of the City Registrar's certificate and that same was ob-

tained without fraud or false representation. You failed to appear at that meeting and did not appear at any subsequent meeting of the Board during the six years that law was in operation. Since that time, however, another law has been passed, under the terms of which the Board is not authorized to register you except upon examination.

"I therefore herein return the dollar you enclosed."

It is alleged in the alternative writ that, considering the premises, it was the duty of respondents by virtue of the provisions of sections 8527 and 8528 of the Dentist Act of 1905, *supra,* to issue relator a *renewal* license; but they had violated their duty in failing and refusing to issue such renewal license. Wherefore, *etc.*

As exhibit A, there is attached to relator's petition a new certificate, in substance the same as hereinbefore set forth, but made by another register, bearing the same date as the former, to-wit, June 4, 1897, but countersigned April 2, 1906. There is also attached, as exhibit B, the following certified to be a true copy of the original in the office of the city register, to-wit:

"Roll of Physicians and Surgeons Residing in St. Louis County, Mo.:

| Date of Registration. | Name of Physician or Surgeon. | Date of Filing Diploma. | Date of Diploma. |
|---|---|---|---|
| 275. June 4, 1897. | Annie L. Brown. | June 4, 1897. | June 2, 1897. |

Name of School or University Granting Diploma: Kansas City College of Dental Surgery.

Location of School or University Granting Diploma: Kansas City, Mo.

"Duplicate issued April 2, 1906."

In a nutshell respondents' return is as follows: They deny every allegation not specifically admitted,

admit they constitute the board of dental examiners, admit relator was and is engaged in the practice of dentistry in St. Louis during the times alleged in the alternative writ, admit that on or about June 4, 1897, she filed with the board the certificate hereinbefore set forth, admit her tender of one dollar, admit the board refused to issue a license, admit her communication of May 12, 1906, and fee of one dollar, admit the secretary of the board sent her the reply hereinbefore set forth, and admit they returned the fee and refused to issue relator a certificate of registration as a dentist, or a license.

By way of further return, they aver that relator at no time filed the city register's certificate of registration in the manner and form required by the law prior to the Dentist Act. of 1897; that the certificate filed did not recite relator had filed a copy of her diploma from any dental college, duly sworn to and verified, or that she had filed an affidavit that she was a regularly practicing dentist at the date of the Dentist Act of 1897. They aver that the board never had at any time information that relator had complied with the law as it stood prior to 1897, so as to acquire a prima-facie right to practice dentistry. At this point in the return, respondents by averment set forth the contents of exhibit A, filed with relator's petition, and allege that the act referred to in said register's certificate (to-wit, the Dentist Act of 1897) took effect and became a law on the twentieth day of June, 1897 — sixteen days after the issuing of said certificate; that the board appointed under said act did not meet and organize until July 3, 1897; that they had no authority to issue certificates prior to said date and organization; that the register's certificate reciting that on June 4, 1897, relator had recorded her certificate under the Act of 1897 was false, misleading and untrue and that it was impossible for the relator to have become

a licensed dentist as recited in said register's certificate on said fourth day of June, for the reason that the said act did not go into effect until June 20, 1897.

By way of further return, respondents plead the provisions of the Act of 1883, specifying the two classes of persons that could lawfully engage in the practice of dentistry in this State, and the provisions requiring registration, and the conditions precedent entitling any person to register; and they aver that relator never filed with the board a certificate such as required by the Act of 1883, showing she had complied with its terms, and never submitted to the board any proof that she had complied with its provisions, in order to give her a prima-facie right to practice dentistry.

By way of further return, respondents say that relator having filed the inadequate certificate aforesaid, and having submitted no other proof, etc., and the board being in doubt whether relator was the *bona fide* holder of a certificate of registration and in doubt whether she had obtained the same without fraud or misrepresentation, and acting with fairness and justice towards relator and in strict compliance with the power and authority vested in the board by the Act of 1897, they caused a notice to be prepared and mailed to relator (and to other persons who had been denied registration by said board) notifying relator (and each of said other persons) to appear on the 10th day of May, 1898, or at any future meeting of the board, and prove that she (or they) was the lawful possessor of such certificate; which notice was signed by the secretary and is as follows:

"Clinton, Mo., May 1, 1898.

Dear Doctor:—You having heretofore filed with the State Board of Dental Examiners for the State of Missouri, a certificate of registration as received by you from the clerk of one of the county courts of one

205 Sup—40

of the counties of Missouri within ninety days of the passing of the act creating this board:

"Now, therefore, in accordance with the power and authority in this board vested by law, you are hereby notified and required to be and appear before this, the State Board of Dental Examiners for the State of Missouri, at its next meeting to be held at the Midland Hotel in Kansas City, Missouri, on May 10, 1898, or at any future meeting thereof, and prove that you are the lawful possessor of said certificate of registration, and that the same was obtained without fraud or false representation.

"Upon your compliance with the above requirements this board will at once issue to you its certificate of registration as a legally practicing dentist."-

They aver that, though other persons appeared, relator refused to appear at the meeting of May 10, or at any subsequent meeting, and refused to submit to said board any evidence or proof that she was the bona fide holder of a proper certificate of registration, and that the same had been received by her without fraud or false representation; that from said May meeting, 1898, up to the repeal of the Act of 1897, respondents stood ready and willing at every meeting to hear any proof relator might offer as to whether she was the lawful possessor of a certificate of registration by the city register of the city of St. Louis, as required by the Dentist Act of 1883 (1897) etc., and to fairly and impartially pass upon and decide such question upon the evidence submitted. And respondents further aver that, through one of their number they more than once sent word to relator urging her to appear before the board at one of its regular meetings and make proof of such fact; that the board held two regular meetings in each and every year at which relator might have appeared and made such proof and received a license, if entitled to it; and that relator had

every such opportunity and facility for seven years to make such proof and to have received a license to practice dentistry, if entitled to one, or to compel the board to have registered and licensed her, if wrongfully refused a license and the board failed to properly act upon the proof made. They say that relator had ample opportunity for a hearing and for her relief and remedy, if entitled to one under the laws existing at the time, and that her failure to avail herself of the opportunity offered by the Act of 1897 was due to her own laches and neglect in refusing to appear before the board and make proper proof, and that on such account she should be denied a peremptory writ.

For further return, respondents aver that since the 20th of June, 1897, to the present time relator has continued to practice dentistry without authority; that she has practiced her said profession in open defiance to the laws of the State of Missouri, and is still doing so, although she has had, as said, every opportunity afforded her to qualify as a dentist and receive a license if she possessed the necessary evidence of qualification. Wherefore, they say, relator ought not to complain of the board in not licensing her.

Relator's motion for a judgment, notwithstanding the return, is as follows: "Now, at this day comes relator and moves the court to render judgment of peremptory mandamus against respondents for the reason that respondents in their return herein have not shown any just cause why a peremptory writ of mandamus, as prayed by relator, should not issue."

On this record, should a peremptory writ go? We think not, because:

I. It is not amiss to say at the outset that the constitutionality of the Dentist Acts of 1883, 1897 or 1905, is not assailed by relator. Therefore, there is no question here calling for this court to trace any of these acts up to a reservoir of constitutional power.

It will do to say, further, that relator assumes each and all of said acts were a constitutional exercise of that undefined, vast and beneficial power, known as the police power and touching the general welfare of the people. Relator does not plant herself upon the contention that she was not required to comply with the provisions of any of said acts, or that she was without the purview of any of them; *contra,* she asserts she was within their purview and did comply with them, and that her licenseless condition is due to the illegal conduct of respondents in certain particulars she puts her finger upon. The case, then, may proceed with the foregoing propositions assumed.

II.   Did relator comply with the Act of 1883?

The Act of 1883 passed into Revised Statutes 1889, as article 3, chapter 110. It remained live law until 1897, constituting the only statutes regulating dentistry. On the 19th of March, 1897, an act was passed and approved repealing article 3 of chapter 110, Revised Statutes 1889, *twice*—in the first section, by a direct repeal; in the last, by necessary implication— the General Assembly enacting in lieu thereof a new law. There was no emergency clause to the Act of 1897; hence, under the constitutional provision (Constitution, sec. 36, art. 4) the new act did not take effect until ninety days after the adjournment of the session at which it was enacted. The Thirty-ninth General Assembly adjourned on the twenty-second of March, 1897, putting the new act into effect on Sunday, June 20, 1897. (See memoranda in certificate of Lesueur, Secretary of State, following p. 239 of Laws 1897.) It will be seen that relator apparently obtained a diploma from the Kansas City College of Dental Surgery on June 2, 1897, and presented it to the register of St. Louis two days thereafter, to-wit, on the fourth day of that month. That diploma was, therefore, filed

while the law of 1883 was in force and before that of 1897 became effective. [*Ex parte* Lucas, 160 Mo. l. c. 228, *et seq.*] We lay little stress on the mere wording of the register's certificate, in so far as that official undertook to construe relator's registration as coming within the provisions of the Act of 1897. We may be instructed but not bound by that officer's idea of the legal import of relator's acts. His duty was to grant only such certificate as the law points out and stop with that. Her registration was in advance of the Act of 1897, and the question is: Was it effective under the Act of 1883, which had yet sixteen days of life left in it?

By the Act of 1883, two classes of persons only were thereafter entitled to practice dentistry: first, any person holding "a diploma from a reputable dental college or a university duly incorporated or established under the laws of some one of the United States or of a foreign government;" second, a "bona fide practitioner of dentistry or dental surgery in this State at the time of the passage of this act." (There was also, in that as well as in later acts, most solemnly and wisely preserved to physicians and surgeons their ancient and gracious prerogative of pulling such teeth as their owners consented to part with.)

By section 2 of the Act of 1883, the holder of such diploma, *i. e.*, "a diploma from a reputable dental college," etc., as set forth in section 1, must file a copy thereof with the county clerk (and in the city of St. Louis, with the city register) "which copy shall be sworn to by the party filing the same." Thereupon the clerk (or register, as may be) "shall give a certificate of *such fact*, . . . to such party, . . . and shall file and register the name of the person, the date of filing and the nature of the instrument, in a book," etc.

By section 3 of that act, a plan is provided whereby a bona fide practitioner of dentistry or dental surgery, a resident of this State at the time of the passage

of the act, and desiring to continue the practice of dentistry, may so continue. Such bona fide practitioner shall, "within ninety days after the passage of this act, file an affidavit of the said facts with the clerk of the county court in which he resides (or with the city register, as the case may be) and the said clerk or register . . . shall register the name of, and give a certificate to, the party filing the affidavit, in like manner and of like effect" as provided for the holder of a diplomo.

By section 4, "all certificates issued under the provisions of this act" were made "prima-facie evidence of the right of the holder to practice under this act, which right shall be incumbent upon the holder to prove under all prosecutions under this act." '

By section 5, any violation of the provisions of the act was made a misdemeanor.

It will be seen that the registration of relator did not fairly come within the provisions of the Act of 1883. No certificate from the register was furnished showing she filed a copy of her diploma, *duly sworn to by her,* as required by section 2. We take it, such copy was to remain on file, with the verifying affidavit. The force and effect of such affidavit is to afford some protection against fraud in coming in under the cloak of a sham or bogus diploma. At least, it purged the conscience of the holder under the pains and penalties of perjury, and the legislature held that in mind.

Neither did relator qualify under section 3 of that act, relating to bona fide practitioners of dentistry or dental surgery. The act on its face (sections 1 and 3) includes only those bona fide practitioners "in this State at the time of" its passage. There are no admitted allegations and no proof that relator was in or of that class. Her registration (witness exhibit B) does not purport to put her in that class. Her certificates from the register on which she plants herself do not assign her to that class; she submitted and filed no affi-

davit as required by section 3, though in the alternative writ it is alleged that on the fourth day of June, 1897, "and for a long time prior thereto" she was a bona fide practitioner, etc.

III.   Did relator comply with the Act of 1897 (R. S. 1899, art. 3, chapter 128)?

Section 2 of that act (Laws 1897, pp. 166, *et seq.*) made it unlawful "for any person not a registered dentist within the meaning of this act to practice dentistry or dental surgery in any of its departments, as principal or agent, in the State of Missouri, except as hereinafter provided."

Section 3 creates a board of dental examiners. It will be observed that no such governmental agency was created by the Act of 1883. The members of this board were to have five years' experience as dentists and were to be residents of Missouri that long. That section contains the *minutiae* of the organization of the board, the personnel of its officers, provides for its keeping a record, and that a transcript thereof shall be evidence. Power was given to its members to administer oaths and to hear testimony in all matters relating to its imposed duties.

By section 4, it is enacted that every person legally engaged in the practice of dentistry at the time of the passage of the act, who shall have legally qualified as such dentist under the laws in force at the time of its passage, desiring to continue in his profession, shall file with the board his certificate of registration, received from the county clerk or city register, "within ninety days after the passage of this act, whereupon the board shall issue to such person a certificate upon the payment of a fee of one dollar: Provided, that the board may, in any case which they deem proper, require the holder of a certificate of registration to prove that he or she is the lawful possessor of the same, and that said certificate was obtained without fraud or

false representation, and the lawful holder thereof shall be entitled to all the rights and privileges herein mentioned.''

By section 5, it is provided that any person receiving a diploma from the faculty of some reputable college, duly authorized by the laws of this State or some other of the United States, in which college there was at the time of issuing such diploma annually delivered a full course of lectures and instruction in dental surgery for not less than a period of six months, each year, for three separate years, shall present his diploma to the board for verification as to its genuineness. If found genuine and to belong to the person presenting the same, the board was required to issue its certificates; and the certificate so issued is to be deemed conclusive as to the right of the lawful holder thereof to practice dentistry.

It was provided further that all licensed dentists, on or before the thirtieth day of November of each year, should forward to said board his signature and address, whereupon he shall be registered in a book to be kept for that purpose, and his license was to be renewed for one year from that date. Power was given to the board to ascertain and determine what shall constitute a dental college in good standing, etc.

Section 6 provides for that class of persons who have actually studied dentistry for three years under a legally registered dentist or who were licensed by the dental board of another State. Under given conditions they were entitled to an examination, of a character specified; and, if possessing good moral characters, on passing a successful examination, they were to be registered and licensed by the board.

Sections 7 and 8 are not material here.

Section 9 declares that: ''All persons shall be deemed to be practicing dentistry, within the meaning of this act, who shall for a fee, salary or other reward

paid or to be paid, either to himself or to another person, perform dental operations of any kind, treat diseases or lesions of the human teeth or jaws, or attempt to correct malpositions thereof.'' Acts of bona-fide students of dentistry done in the pursuit of clinical advantages while in attendance at a reputable dental college or under the direct supervision of a preceptor, who is a licensed dentist, or to legally qualified physicians in the regular discharge of their duties, are excepted.

Section 10 is not material, and section 11 declares that any person who shall practice or attempt to practice dentistry without a license or without having his license renewed as provided by section 5 shall be deemed guilty of a misdemeanor.

Now, attending to the Act of 1897, relator does not pretend she submitted herself for examination under section 6. She does not contend she came within the purview of the first part of section 5, or that she held a diploma from a college coming up to the standard there prescribed, or that she presented any diploma whatever to the board for a verification of its genuineness. Nor does she contend she comes within the exception in section 9. She contends, as we grasp it, that she came within the purview of section 4 and the last paragraph of section 5; that is, that she was regularly and lawfully engaged in the practice of dentistry at the time of the passage of the Act of 1897; that she had complied with the laws theretofore in force and desired to continue the practice of her profession; that she forwarded to the board her proper certificate of registration within ninety days after the passage of the Act of 1897, with the proper fee; that by so doing she became a lawfully licensed dentist, although the board did not issue her a license; and that being a lawfully licensed dentist under section 4, she was entitled

to a renewal license under the last paragraph of section 5.

But reading the Act of 1897 puts it beyond question that relator did not bring herself substantially within its terms and intendment. While the board by way of return pleads that she was not registered properly under the Act of 1883, and that she did not submit her certificate of registration within ninety days *after* the passage of the Act of 1897 (to-wit, after such act took effect, Ex parte Lucas, supra), all of which we have held to be so, yet it seems that the board by a flexible and equitable construction of the Act of 1897 and their power, though relator registered out of time, yet, *ex gratia,* was willing to consider her case if she would supply the proof that she was the lawful possessor of the certificate of registration and that said certificate was obtained without fraud or false representation. She had notice of this willingness. The statute gives the board the discretionary power to require her to make such proof. It says so in unmistakable terms. We may assume to know as part of the current history of the times that frauds were being perpetrated; that sham diplomas were being foisted upon registration officers; and (had we the right to consider it from that view point) we are not prepared to say that the statute was not wisely intended to prevent simulation. Relator's refusal to comply with this reasonable and legal requirement of the board from 1898 down to the time when the Act of 1897 was wiped out of existence, does not present a case (to borrow the language of VALLIANT, J., in the Goodier case, *infra*) of "very persuasive appeal for a writ which, after all, is within the sound discretion of the court to issue or refuse, independent of strict technicality, as the very right and justice of the case requires." [State ex rel. v. Goodier, 195 Mo. 1. c. 58, *et seq.;* State *ex rel.* v. Lutz, 136 Mo. 1. c. 640.] Relator's laches must be taken into account on an appli-

cation for a peremptory writ of mandamus. See State ex rel. v. Gibson, 187 Mo. 1. c. 554, *et seq.*, where cases involving laches in connection with relief by mandamus are collated and considered. Where the right is doubtful, a peremptory mandamus will not go. [State ex rel. v. Buhler, 90 Mo. 560.] Relator must show she had a clear and specific right to the relief claimed. This she has not done. [State ex rel. Doud v. Lesueur, 136 Mo. 452; State ex rel. v. Williams, 99 Mo. 291; State ex rel. Attorney-General v. Boonville Bridge Co., 206 Mo. 74.] So, too, by inadventure, or wilfully, relator had been and is continually violating the law—openly and defiantly. Under the circumstances, it has been held she ought not to be heard to complain of the action of the board in refusing her a license. [State ex rel. Hathaway v. State Board of Health, 103 Mo. 1. c. 30.]

IV. Relator made her last application for a license or "renewal license" on May 10, 1906. The Dentist Act of 1905 was then in force. The Act of 1905 repealed that of 1897, enacting new sections, materially changing the scope and plan of former laws and enlarging the discretionary power of the board. It made it unlawful for any person not a "registered dentist" within the meaning of the act to practice his calling. It continued the power in the board to administer oaths and to hear testimony in matters relating to the duties imposed upon it by law. It provided that all persons who desire "to begin" the practice thereafter, who had a license from a dental board of this State, "or who shall have received a diploma from the faculty of some reputable dental college duly organized under the laws of this or any other State of the United States," shall have the right to apply to the board for examination; and that any such successful applicant should be licensed and registered. All dentists licensed by the board "or any previous board" were entitled to a re-

newal-license on application each year. The standing and character of dental colleges were made subject to the determination of the board and certain indicia determinative of that standing and character were set down. A method was established for revoking licenses and for holding examinations; and the subject-matter of examination is set down in detail. By section 8532 (Laws 1905, p. 216) a dentist is defined with more precision than in the Act of 1897. By section 8534, violations of the act were made misdemeanors. A close reading of the whole act discloses no legal way of beginning the practice of dentistry in this State without a successful examination and a license issued based on that—the examination, of course, being fairly conducted and within the limits prescribed by the statute. As to those persons practicing dentistry at the time the act went into effect, it is contemplated that all such persons who were "licensed under this or any previous board" might continue the practice of their profession by taking the steps pointed out by section 8527. The act creates and embraces two classes of lawful dentists: first, those licensed theretofore by the board; and, second, those thereafter licensed on examination. Relator comes within neither class and, therefore, cannot predicate a right to relief by mandamus on the Act of 1905.

V. Relator's learned counsel argue that, under the admissions and averments of the pleadings, their client had a vested right to practice dentistry, and that the admitted acts of the board were tantamount to an illegal deprivation and denial of those vested rights; hence, the writ should go. It may be conceded that if the acts and requirements of the board were outside the law, i. e., not within its terms by fair construction, relator would be entitled to relief. [State ex rel. v. Lutz, 136 Mo. 633.] Such is not the case here. But the theory that an individual has a vested right to practice

dentistry is a rank heresy, finding no place in the philosophy of the law. Over and over again it has been exploded by this court. A. license to practice dentistry has no elements of a contract. The person receiving such license does not stipulate to use it. Its grant is a mere naked grant of a privilege usable at the option of the licensee. But it would serve no necessary purpose to reformulate or restate the views of this court on that question. We content ourselves by announcing the bald proposition, and the curious may find the underlying reasons of the doctrine set forth in a way admitting of no improvement in weight of matter or excellence of form by McBride, J., in Simmons v. State, 12 Mo. l. c. 271; by Sherwood, J., in State ex rel. v. Gregory, 83 Mo. 123; by Gantt, J., in State v. Hathaway, 115 Mo. 36; by Fox, J., in State v. Davis, 194 Mo. l. c. 501; and by Valliant, J., in State ex rel. v. Goodier, 195 Mo. 551. In State v. Doerring, 194 Mo. l. c. 398, the defendant held a diploma from relator's Alma Mater. He held a certificate of registration from the county clerk of Jackson county dated on the twenty-first day of May, 1897. The certificate was received by the board of dental examiners on the third day of August, 1897. In September of that year the board returned the certificate of registration, refused to acknowledge the diploma, and notified Doerring to appear for examination. Refusing to license him, he continued to practice his profession and was informed against and prosecuted criminally. In his defense he contended, as relator contends here, that the things he did constituted him a duly licensed dentist. What was said in that case by this court (p. 415) is a complete answer to the same contention made by relator here.

Nothing herein must be construed as indicating that relator has not the right as the holder of a diploma to demand, and submit herself to, the board's examina-

tion, so that she may "begin" the practice of dentistry (anew) under the safeguards and auspices of the law.

The alternative writ is quashed and a peremptory one denied. *Gantt, C. J., Burgess, Valliant, Fox* and *Graves, JJ.,* concur; *Woodson, J.,* did not sit.