[Crim. No. 380. Second Appellate District.—March 25, 1915.]

## In the Matter of the Application of E. R. VICTOR for Writ of Habeas Corpus.

Dentistry—License to Practice—Construction of Amendments to State Dental Law—Exemption of Previous Practitioners.—The amendment of 1909 (Stats. 1909 p. 800), to section 14 of "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California, approved March 12, 1885," which provides that before *"any person"* can practice dentistry in this state, he shall obtain a license so to do from the board of dental examiners, did not have the effect of creating an irreconcilable conflict between such amended section and section 1 of such act, which exempts persons who were lawfully practicing dentistry at the time of the passage of the original

act, from such requirement, as the language of such amendment must be construed in the sense limited by the proviso contained in section 1, and as thus considered, it means any person *other* than those belonging to the class exempted by the proviso of such section must procure a license to practice and pay the general license-fee of twenty-five dollars.

ID.—PAYMENT OF ANNUAL LICENSE-FEE—DUTY OF ALL PRACTITIONERS—CONSTRUCTION OF AMENDMENTS TO STATE LAW.—Under the amendment of 1909 to section 1 of such act which provides that "no dentist shall be exempt from paying an annual license tax, as hereinafter provided," all dentists are required to pay the annual license-tax of two dollars, regardless of when or how they became entitled to practice.

ID.—REVOCATION OF LICENSE—PROVISION NONCONFLICTING.—The provision of section 21½ of such act for the revocation of a license where the licensee has been convicted of a public offense, unprofessional conduct, inefficiency, etc., is not in conflict with section 14 of such act.

ID.—SUFFICIENCY OF TITLE OF ACT.—The act entitled "An act to insure the better education of practitioners of dental surgery and to regulate the practice of dentistry in the state of California," does not embrace subjects not comprehended in such title as the provision requiring the payment of an annual license fee is included in the general subject of regulation expressed in such title.

ID.—CONSTITUTIONALITY OF ACT.—Section 14 of such act is not obnoxious to the provisions of section 25, subdivision 2 of article IV of the constitution, on the ground that it purports to be a special law for the punishment of a misdemeanor, nor does it violate section 25, subdivision 10 of said article, in that it provides for the collection of taxes which are local or special; nor does it violate section 1 of article XIII of the constitution, in that it undertakes to levy a tax upon a class of property not taxable by the constitution; nor does it violate section 16 of the bill of rights, in that it impairs the obligation of contracts.

APPLICATION for Writ of Habeas Corpus originally made in the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

R. H. Wilson, and Clyde Woodworth, for Petitioner.

Ray E. Nimmo, for Respondent.

SHAW, J.—Petitioner seeks discharge from the custody of the sheriff of Kern County, by whom he is held in virtue of

a warrant issued upon an information filed by the district attorney charging him with practicing dentistry contrary to the provisions of the law enacted for the regulation of such practice.

The act upon which the information is founded is entitled "An act to insure the better education of practitioners of dental surgery and to regulate the practice of dentistry in the state of California, providing penalties for the violation hereof, and to repeal an act now in force relating to the same and known as, 'An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California, approved March 12, 1885, approved March 23, 1901.'" As then adopted, section 1 of this act provided: "It shall be unlawful for any person to engage in the practice of dentistry in the state of California, unless said person shall have obtained a license from a board of dental examiners, duly authorized and appointed under the provisions of this act to issue licenses; provided, that this act shall not affect the right under the laws of the state of California, of dentists to practice dentistry who have lawful right to practice dentistry at the time of the passage of this act." Section 14 of the act, in addition to provisions not pertinent to this discussion, required the applicant for license to practice dentistry to pay to the dental board a fee of fifteen dollars, and that the fees so received should constitute a fund out of which the necessary expenses of the members of the board, together with the expense of prosecuting cases, should be paid. By an act approved April 6, 1909 (Stats. 1909, p. 800), sections 1 and 14 of the act, among others, were amended. The amendment to section 1 of the act consisted in adding thereto the following words: *"and no dentist shall be exempt from paying an annual license-tax, as hereinafter provided."* Section 14 was amended so as to read as follows: "Before any person can practice dentistry in this state, he shall obtain a license to do so from the board of dental examiners. Each application shall be accompanied by a fee of twenty-five ($25,00) dollars, which shall in no case be refunded. Such license shall be good until the following first day of May when it shall expire by limitation. An annual license-fee of two ($2.00) dollars shall thereafter be paid annually by every person practicing dentistry in this state, and it shall be the duty of said board to issue to all

regularly licensed dentists upon application and the payment of two dollars, if made before the expiration of the applicant's license, a new license which shall entitle said person to practice dentistry in this state for a period of one year, and which license shall expire upon the following first day of May. Said board shall have no authority to issue an annual license to any person who is not a regularly licensed dentist, and who has not paid said license fee of two dollars on or before the date when his previous license expired. Every person who was a regularly licensed dentist and who failed to pay said annual license of two dollars before the expiration of his license, shall be considered as if no license had ever been issued to him, and before he can again practice dentistry in this state, shall make a new application therefor as in the first instance and pay the regular fee of $25.00 therefor, except that he shall not be required to submit to any examination. . . ." By an act approved June 11, 1913 (Stats., 1913, p. 573), section 14 of the act was further amended. Such amendment, however, is not material to a consideration of the question here involved.

It is conceded, as shown by the information, that prior to the enactment approved April 6, 1909, petitioner had been duly licensed to practice dentistry by the board of dental examiners of the state of California and had, by virtue of his compliance with the laws theretofore in force, the legal right to practice dentistry in said state. It appears, however, that, notwithstanding the amendment to sections 1 and 14 of the act providing for the payment of an annual license fee of two dollars, petitioner has failed, neglected, and refused to pay the same, and notwithstanding the fact that his license and right to practice ceased on May 1, 1909, he nevertheless, without compliance with the said provisions, has engaged in the practice of dentistry, which act it is claimed constitutes the misdemeanor, with the commission of which he is charged.

The chief, and in fact the only, contention of petitioner which merits extended notice is what he claims to be the irreconcilable inconsistencies existing between sections 1 and 14 of the act as amended in 1909. Having in mind the rule that "it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent and harmonious and to give a sensible and intelligible effect to each," we find no difficulty in the interpretation of

the provisions.   Section 1 of the act of 1901, as a condition of lawfully practicing dentistry, required every one, other than those who under the provisions of the law theretofore in force (act of 1885) were so entitled, to obtain a license so to do from the board of dental examiners.   The meaning of the proviso contained in the section is "that all those having at the time of the passage of the act, the lawful right under the laws of the state to practice dentistry, shall be excepted from the operation" of the act.   (*Ex parte Hornef*, 154 Cal. 355, [97 Pac. 891].)   By the act of 1909 the legislature, as we have seen, amended section 14 so that as amended it reads: "Before any person can practice dentistry, . . . he shall obtain a license," etc.   Petitioner insists that the words, "any person," here used, mean *every person*.   On the contrary, the language must be construed in the sense limited by the proviso contained in section 1 which exempts certain persons from the requirement.   Thus considered, it means any person *other* than those belonging to the class which, under the proviso contained in section 1, were made exempt from the operation of this portion of the law.

Section 14 was further amended by the act of 1909, by providing that the license so issued should expire by limitation on the first day of May following the date of its issuance, and further providing that an annual license fee of two dollars should be paid annually by every person practicing dentistry in this state.   It will be noticed that this requirement applies, as stated, "to *every person practicing dentistry in this state.*"   While this language might be deemed broad enongh to include those falling within the exempted class described in the proviso contained in section 1, the legislature has, nevertheless, removed any doubt as to its intention by, at the same time, amending section 1, adding the words: "*and no dentist shall be exempt from paying an annual license tax as hereinafter provided*" in section 14.   Taking the two sections together as amended, it seems absolutely clear to us that the intent of the legislature was to exempt all persons who, prior to April 6, 1909, were entitled to practice dentistry in this state from the requirement of making application for license or paying the general license fee; their *status* being recognized as having become fixed under the former law; that when it made provision for the payment of the annual license fee of two dollars it not only in express terms pro-

vided that such provision should apply to *every person practicing dentistry*, but, in order to leave no doubt of its applicability to *all* dentists, expressly provided that *no dentist,* without regard to when or how he became entitled under the laws of this state to practice dentistry, should be exempt from paying the annual license tax, which should apply to all alike.

There is no merit in the contention that the act embraces subjects not comprehended in the title thereof. The subject of the act is, as stated, "the better education of practitioners of dental surgery, and to regulate the practice of dentistry." The provision in the act requiring the payment of this annual license fee of two dollars is included in the general subject of regulation expressed in the title. The title is a sufficient index to the subject of legislation contained in the body of the act, and hence is not obnoxious to section 24 of article IV, of the constitution. "The subject of an act being to regulate the practice of a given profession, the legislature may include in the act the means related to the subject for effecting the object sought." (*State ex rel. Smith* v. *Board of Dental Examiners,* 31 Wash. 492, [72 Pac. 110].) See, also, *Ex parte Whitley,* 144 Cal. 167, [1 Ann. Cas. 13, 77 Pac. 879]; *Ex parte Hornef,* 154 Cal. 355, [97 Pac. 891]; *County of Los Angeles* v. *Spencer,* 126 Cal. 670, [77 Am. St. Rep. 217, 59 Pac. 202]; *Ex parte Hallawell,* 155 Cal. 112, [99 Pac. 490].

It is also insisted that the provisions of sections 14 and 21½ are in conflict. The latter section makes provision for the revocation of a license where the licensee has been convicted of a public offense, unprofessional conduct, inefficiency, etc. The subjects of the two sections are distinct and separate and in nowise conflict with each other.

Petitioner further insists that section 14 is obnoxious to the provisions of section 25, subdivision 2, article IV of the constitution, in that it purports to be a special law for the punishment of a misdemeanor; that it violates section 25, subdivision 10 of said article in that it provides for the collection of taxes which are local and special; that it violates section 1 of article XIII, of the constitution, in that it undertakes to levy a tax upon a class of property not taxable under the constitution; that it violates section 16 of the bill of rights, in that it impairs the obligation of contracts. Such contentions are without merit. The constitutionality of the original act has been repeatedly upheld by the supreme court of this

state, and similar statutes have long stood attacks from every angle in other jurisdictions. In addition to the cases cited, see: *Dent* v. *West Virginia*, 129 U. S. 114, [32 L. Ed. 623, 9 Sup. Ct. Rep. 231] ; *State* v. *McIntosh*, 205 Mo. 636, [103 S. W. 1071].

Petitioner is remanded to the custody of the sheriff of Kern County, and the writ discharged.

Conrey, P. J., and James, J., concurred.