STATE *vs.* JOHN GALLAGHER.

PROVIDENCE — NOVEMBER 2, 1897.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

A negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the matter of such exception or proviso enter into the description of the offence, or is a qualification of the language defining or creating it.

In an indictment for bigamy the admissions of the accused are competent evidence of the fact of marriage.

DEFENDANT'S petition for a new trial of an indictment for bigamy.

ROGERS, J. The defendant was indicted for bigamy under Pub. Stat. R. I. cap. 244, § 1, which reads as follows: " Every person who shall be convicted of being married to another, or of cohabiting with another as husband and wife, having at the time a former husband or wife living, shall be imprisoned not exceeding five years, nor less than one year, or be fined not exceeding one thousand dollars: *Provided,* that this shall not extend to any person whose husband or wife shall be continually remaining without the limits of this State for the space of seven years together, the party being married after the expiration of said seven years, not knowing the other to be living within that time, nor to any person who shall be divorced at the time of such second marriage, nor to any person by reason of any prior marriage, made when the

man was less than fourteen, and the woman less than twelve, years of age."

The material part of the indictment was in these words : "That John Gallagher . . . . . . did commit the crime of bigamy by then and there marrying one Emily Amelia Lawless, he, the said John Gallagher, being then and there a married man, and then and there having a lawful wife alive other than the said Emily Amelia Lawless, the lawful wife being one Emily Gallagher, who was married to said John Gallagher at Providence, in said county, on the twelfth day of August, A. D. 1890, under the name of Emily Johnson, against the form of the statute." &c.

On the trial before a jury, in the Common Pleas Division, the defendant moved to quash the indictment because it did not negative the exceptions mentioned in said § 1, but the presiding justice overruled the motion, and this is made the first ground of the petition for a new trial.

The general rule is that a negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the matter of such exception or proviso enters into and becomes a part of the description of the offence, or a qualification of the language defining or creating it. *Stanglein* v. *The State,* 17 Ohio St. 453, 461 ; *State* v. *Rush,* 13 R. I. 198 ; *State* v. *Abbey,* 29 Vt. 60. The law is laid down with great clearness in the latter case, as follows :. "A *prima facie* case must be stated ; and it is for the other party for whom matter of excuse exists, to bring it forward in his pleading or defence. . . . The question is, whether the exception *is so incorporated with, and becomes a part of the enactment as to constitute a part of the definition or description of the offence;* for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. ' *It is the nature of the exception and not its location,*' which determines the question. Neither does the question depend upon any distinction between the words '*provided*' or ' *except*' as they may be used in the statute. In either case the only inquiry arises, whether the matter excepted, or that which is contained in

the proviso, is so incorporated with, as to become, in the manner above stated, a part of the enacting clause. If it is so incorporated, it should be negatived, otherwise it is a matter of defence." See also cases cited in 1 Lead Crim. Cas. 255, note ; Bish. Stat. Crimes, § 606, note ; 2 Whart. Crim. Law, § 1713, note.

The offence of bigamy consists in marrying another while having a former husband or wife living. The words contained in the proviso of cap. 244, § 1, of the Pub. Stat. R. I. are not so incorporated with the enacting clause that one cannot be read without the other, but they merely constitute grounds of defence peculiarly within the knowledge, and ability to prove, of a defendant, if existing. See *Com.* v. *Jennings*, 121 Mass. 47, 52.

The defendant's second ground for asking for a new trial is that his admissions as to his first marriage were allowed to be given in evidence before the jury, against his objection. It has been authoritatively settled in this State, in the well considered case of *State* v. *Medbury*, 8 R. I. 543, that admissions of the accused are competent evidence of the fact of marriage. Though there are denials of this doctrine, yet it is sustained by the great body of the cases, English and American. See the numerous cases cited in 1 Bish. Mar. Div. & Sep. § 1058, note.

The defendant alleged in his petition, as a ground for a new trial, that the verdict was against the evidence ; but this seems to have been abandoned, as no reference was made to it in the brief submitted in his behalf. An examination of the record, however, satisfies us that the verdict was supported by the evidence.

We find no error in the jury trial, and the petition is therefore denied and dismissed, and the case is remitted to the Common Pleas Division for further proceedings.

*Willard B. Tanner, Attorney-General, and Charles F. Stearns, Assistant Attorney-General,* for the State.

*John M. Brennan,* for defendant.