## STATE vs. CHARLES D. FLANAGAN.

### PROVIDENCE—JULY 22, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Practice of Medicine. Indictments. Complaints.*

Pub. Laws cap. 340, amending Gen. Laws cap. 165, § 3, providing that complaints under the latter chapter shall be made by the secretary of the State Board of Health, has no relation to indictments.

(2) *Indictment. Criminal Pleading.*

It is not necessary for an indictment to use the exact words of a statute, nor to refer to the particular section on which the indictment is based, if it adequately charges the offence therein set forth.

(3) *Criminal Law and Pleading. Indictments.*

It is not necessary that an indictment should in every case negative all exceptions in the statute on which it is based. The test of such necessity is to be determined by the nature of the exceptions as a part of the description of the offence or as a qualification of it.

Gen. Laws cap. 165, of the practice of medicine, declares it to be unlawful for anyone to practice medicine, without the authority therein provided, but declares that the act shall not apply to certain cases:—

24

*Held,* that the exceptions did not limit the offence by description or quali-
fication, but were exceptions for special cases, which were matters of
defence and need not be negatived in the indictment.

INDICTMENT. Heard on demurrer, and demurrer overruled.

STINESS, C. J. This indictment charges that the defend-
ant "unlawfully did practice medicine for reward and com-
pensation without first having obtained a certificate from the
State Board of Health, and without possessing any of the
qualifications set forth in Gen. Laws cap. 165, § 3."

Section 6 of said chapter provides that nothing therein con-
tained shall apply to gratuitous services in cases of emergency;
to commissioned surgeons in the United States army, navy,
or marine hospital service; or to legally qualified physicians
of another State, called to see a particular case, who do not
open an office or appoint any place in this State where they
may meet patients or receive calls.

Section 7, as amended by Pub. Laws (1896), cap. 340, pro-
vides that complaints shall be made by the secretary of the
State Board of Health.

(1) The first ground of demurrer to the indictment is that it
does not show that the secretary made any complaint. The
provision has no relation to indictments, and the demurrer on
this ground is without foundation. *State v. Snell,* 21 R. I.
232.

(2) The second and third grounds of demurrer are that the in-
dictment does not charge the defendant with the offence
created by the statute, and that it does not charge that the
defendant practiced medicine in violation of the provisions of
the chapter, these being the words used in section 8, which
provides the penalty.

The offence set out in sections 2 and 8 is that of practicing
medicine without having a certificate, the words "for reward
or compensation" being included in the latter, but not in the
former, section. This indictment, however, has all the essen-
tial charges of both sections. It is not necessary to use the
exact words of the statute; nor to refer to the particular sec-
tion on which the indictment is based, if it adequately charges

the offence therein set forth. *State* v. *Murphy,* 15 R. I. 541; *State* v. *Duggan,* 15 R. I. 403; *State* v. *Martin,* 23 R. I. 143.

(3)    The defendant argues that, by reasons of the exceptions in section 3, the charge in the indictment may be true and yet the defendant not be guilty of a violation of the statute.

It was stated in *State* v. *Melville,* 11 R. I. 417, that it was sufficient if an indictment so charged an act forbidden by statute as to exclude any assumption that the indictment may have been proved and the accused still be innocent. While this is undoubtedly true as a general rule in stating an offence, it does not follow that an indictment must negative all exceptions in a statute.

The question was fully considered in *State* v. *O'Donnell,* 10 R. I. 472; *State* v. *Rush,* 13 R. I. 198; and *State* v. *Gallagher,* 20 R. I. 266. In these cases it was held that the test of the necessity of negativing exceptions was to be determined by their nature as a part of the description of the offence or as a qualification of it.

In the O'Donnell case an exception appeared in the clause constituting the offence, and it was held that it must be negatived.

In the Rush case, an indictment for the illegal sale of liquor, after a general prohibition of the sale of liquor without a license, special authority was given to pharmacists to sell on physicians' prescriptions, and it was held that this authority need not be negatived. See also *State* v. *Duggan,* 15 R. I. 403. So too in the Gallagher case, an indictment for bigamy, it was held that an indictment charging the offence as stated in the statute, without negativing exceptions in a proviso that the act should not extend to cases where one party remarried after seven years' absence of the other, who was not known to be living, and to marriages by a man when under the age of fourteen and a woman under the age of twelve, was good.

These provisions were held not to qualify the crime, but to afford defences merely.

The statute in the present case is similar to these last-named statutes. It is declared to be unlawful for anyone to practice medicine or surgery who has not exhibited and reg-

istered in the town clerk's office his authority so to do, as provided in the chapter. It then declares that the act shall not apply to United States surgeons of the army and navy, nor to legally qualified physicians of another State called to a particular case, etc. These exceptions do not limit the offence by description or qualification. They are exceptions for special cases, which illustrate the rule in regard to exceptions very clearly. If a negative averment must be made, it must be proved. It would be impossible for the attorney-general to prove that a defendant is not a surgeon of the navy, for example. There is no record in this State to which he could appeal. He could not compel the attendance of a witness from the navy department at Washington, beyond our jurisdiction; and he could not prove it by deposition, because of the constitutional right of a defendant to be confronted by the witnesses against him. To show that a defendant is not a legally qualified physician of another State would require similar testimony from every State in the Union. It would be an unreasonable requirement.

It is evident that the exceptions were intended to be matters of defence only.

The defendant also relies on *State* v. *Mahoney*, 24 R. I. 338.

The distinction between that case and this one is fundamental. It was exactly like the Rush case, *supra*. It was an indictment under Gen. Laws cap. 152, "Of medicines and poisons." The first section provides that no person, unless a registered pharmacist, etc., shall retail, compound, or dispense medicines or poisons, *except as hereinafter* provided. It therefore makes the limitation a part of the definition of the offence, and is very different from a special authority which one may show in defence.

We are therefore of opinion that the indictment is sufficient, and the demurrer is overruled.

*William B. Greenough*, for State.

*Herbert Almy*, for defendant.