## STATE *vs.* THOMAS J. HEFFERNAN.

### NOVEMBER 25, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Practice of Medicine.    Indictments.    Complaint.*

Gen. Laws cap. 165, of the practice of medicine, provides by section 8, as amended, for a fine of fifty dollars as a penalty upon the first conviction of a violation of section 2 of said chapter:—

*Held,* that, under the provisions of Gen. Laws cap. 288, §§ 1 and 4, as amended by C. & P. A., §§ 1216 and 1231, the offence was within the jurisdiction of the District Court, and a motion in arrest of judgment, after conviction upon indictment before the Superior Court, should be granted.

(2)  *Criminal Pleading.    Disqualification of Grand Juror.*

*Semble,* Disqualification of a grand juror must be taken advantage of by plea in abatement.

(3)  *Criminal Pleading.    Arrest of Judgment.    Demurrers.*

*Semble,* Objection to the sufficiency of an indictment should be taken advantage of by demurrer, and comes too late on motion for arrest of judgment.

(4)  *Practice of Medicine.    Pleading.    Indictments.*

*Semble,* The burden of proving that he comes within the excepted classes of persons allowed to practice medicine in this State without being registered under Gen. Laws cap. 165 is upon a defendant and need not be negatived in an indictment

INDICTMENT charging violation of Gen. Laws cap. 165. Heard on certification of defendant's amended motion in arrest of judgment, and granted.

DUBOIS, J.  This is the same indictment referred to in *State* v. *Heffernan,* 28 R. I. 20, and is now before us upon the

certification of the defendant's amended motion in arrest of judgment, under C. & P. A., § 478. The motion reads as follows:

"The defendant, having moved the Court to allow him to amend his previous motion in arrest of judgment, and the same having been allowed: Now sets forth his reasons why the judgment in said case should be arrested, as follows:

"First. That the offence charged against him, for which he was tried, is punishable by a fine of fifty dollars; that cognizance and jurisdiction of said offence was expressly provided by act of the General Assembly to be vested in district courts on and after July seventeenth, A. D. 1905, by Chapter 10, § 150, Court and Practice Act, which provides: 'that every district court shall have jurisdiction and cognizance of all crimes, offences, and misdemeanors punishable by fine not exceeding five hundred dollars or by imprisonment not exceeding one year.' That the Superior Court did not have jurisdiction over said offence on the 8th day of September, A. D. 1905, the date of finding said indictment by the grand jury, nor at any time during the sitting of said grand jury, and the only way in which it could obtain jurisdiction over said offence would be by appeal from a district court, as provided by Chapter 25, § 461, Court and Practice Act.

" That since the Superior Court did not have jurisdiction over said offence on the 8th day of September, A. D. 1905, nor at any time during the sitting of said grand jury, it was not within the power of the said grand jury to find or present said indictment against said defendant, since by chap. 8, § 105, Court and Practice Act, grand jurors are only empowered to diligently inquire and the true presentment make of all crimes and misdemeanors cognizable by the Superior Court; that said indictment charges the defendant with the offence of practicing medicine on or before the 8th day of September, A. D. 1905, at which date or any other date after the 17th day of the previous July the defendant could have been summoned into a district court to answer such charge as was presented by said grand jury; for which reason the defendant says the Court was without jurisdiction to try his case, and is now

without jurisdiction to impose sentence. Wherefore, the defendant, Thomas J. Heffernan, moves the Court to arrest the judgment in said case and to quash the said indictment.

"Second. One James Gaskill was one of the persons acting with the grand jury, and as a grand juror in the finding and presenting of said indictment; that said James Gaskill was drawn by the town council of the Town of Lincoln, in said county, as a grand juror during the session of the Common Pleas Division of the Supreme Court, holden at Providence, in said county, on the 3rd Monday of July, A. D. 1904, and thence continuously until the 3rd Monday of July the following calendar year; that said James Gaskill, on the 8th day of September, A. D. 1905, in said Superior Court within and for the county of Providence, was sworn and impanelled in the finding and presenting of said indictment; that said James Gaskill was not on the said 8th day of September, A. D. 1905, nor at any time during the sitting of said grand jury, nor when the indictment was found, nor when the indictment was returned into Court, qualified to serve, sit or participate as a grand juror in this:— That said James Gaskill was drawn to serve as a grand juror between the 15th day of July, A. D. 1904, and the 3rd Monday of July, A. D. 1905, and was not drawn as a grand juror at the session of the Superior Court, when said indictment was found and presented, holden at Providence within and for the county of Providence on the 3rd Monday of September, A. D. 1905, and then continuously until the 2nd Monday of July of the following calendar year, chap. 8, § 96, Court and Practice Act provides: No person shall serve on any grand or petit jury in the courts of this state, unless he shall have been drawn as hereinbefore provided. Wherefore, the defendant, Thomas J. Heffernan, moves the Court to arrest the judgment in said case and to quash the said indictment.

"Third. The first count of the indictment under which the defendant was tried was not sufficiently specific to notify him of the nature and cause of the accusation made against him as. required by article 1, § 10 of our State constitution, which provides: In all criminal prosecutions, the accused shall enjoy the right of a speedy and public trial, by an impartial jury, to

be informed of the nature and cause of the accusation, etc. Said indictment does not charge the doing of any act for a man, woman or child, or whether the subject was a horse, a cow or other animal; he is charged with unlawfully practicing medicine and surgery, without setting forth in any manner or in what the unlawfullness consisted, thereby having deprived him of any means of knowing what kind of an accusation he was called to defend himself against.

"Fourth. Sec. 6 of chap. 928, in amendment to chap. 165, General Laws, allows certain classes of persons to practice medicine in this State without being registered as required by sec. 2 of said chapter, and said indictment does not charge that the defendant is not within the classes of persons exempt by said sec. 6. Wherefore, the defendant, Thomas J. Heffernan, moves the court to arrest the judgment in the case and to quash the said indictment."

Under C. & P. A., § 301: "No motion in arrest of judgment shall be made except for want of jurisdiction."

(2) The second, third, and fourth grounds of the motion are not jurisdictional, and therefore need not be considered at this time; nevertheless, we may say that they are without merit. Disqualification of a grand juror must be taken advantage of by plea in abatement, which must precede the plea of not guilty; *State* v. *Maloney*, 12 R. I. 253; *State* v. *Duggan*, 15 R. I. 415; no such plea in abatement was filed in this case.

(3) The objection that the first count of the indictment is not sufficiently specific came too late if made for the first time in the motion in arrest of judgment. It should have been taken advantage of by demurrer before pleading not guilty to the indictment. We find no such demurrer among the papers in the case, but we do find these minutes upon the indictment: "1905 October 9 Defendant files demurrer and gives bail in $500. Dec. 2 Heard on demurrer to indictment and held. Dec. 7 demurrer to first count overruled and demurrer to second count sustained. 1906 Jany. 11 Stearns, J. Deft. arraigned pleads not guilty and jury impanelled and trial proceeds. Jany. 12 trial concluded and verdict of 'guilty.'"

It therefore appears that the demurrer to the first count of

the indictment was overruled, and it does not appear that any exception was taken to the action of the court. The matter has therefore been finally determined.

(4)  The objection evidently intended to be made, that Gen. Laws cap. 165, as amended by Pub. Laws 926, § 3, erroneously referred to in the motion in arrest of judgment as Pub. Laws 928, § 6, allows certain classes of persons to practice medicine in this State without being registered as required by section 2 of said chapter, and that said indictment does not charge that the defendant is not within the classes of persons so exempt, is untenable. It is matter of defence, and the burden of proving that he comes within the exception is upon the defendant. *State* v. *Flanagan,* 25 R. I. 369, and cases cited.

(1)  One other ground for the motion in arrest of judgment remains to be considered, viz.: that the offence charged against him in the indictment was an offence within the jurisdiction of the District Court, and was not an offence within the original jurisdiction of the Superior Court.

The offence charged is a violation of the provisions of Gen. Laws cap. 165, § 2, for which a fine of fifty dollars is prescribed as a penalty upon the first conviction by section 8 of said chapter as amended by Pub. Laws cap. 926.

The recovery of fines, penalties, and forfeitures is regulated by Gen. Laws cap. 288, and the first section thereof, as amended by C. & P. A. § 1231, reads as follows:

"Section 1.  Unless otherwise specially provided, all fines of *five hundred* dollars and under shall be recovered by complaint and warrant; all fines of upwards of *five hundred* dollars, by indictment; all penalties and pecuniary forfeitures, by action of debt; and all forfeitures of personal property, by complaint and warrant or by information."

And section 4 of said chapter, as amended by C. & P. A. §§ 1216 and 1231, is of the tenor following:

"Sec. 4.  All fines, penalties, and forfeitures, whether of money or property, of *five hundred* dollars and under or of the value of *five hundred* dollars and under, shall be prosecuted before a district court; if upwards of *five hundred* dollars in

amount or value, before the *superior* court, unless otherwise specially provided."

Said section 4 is the present equivalent of Rev. Stats. cap. 225, § 4: "All fines, penalties, and forfeitures, whether of money or property, of twenty dollars and under, or of the value of twenty dollars and under, shall be prosecuted beofre a justice of the peace or court exercising the jurisdiction of a justice of the peace; if upwards of twenty dollars in amount or value, before the court of common pleas, unless otherwise specially provided."

The scope and effect of the last named chapter and section were well stated by Ames, C. J., in *Parker* v. *Barstow*, 5 R. I. 233, as follows: "The purpose of chapter 225 of the Revised Statutes was, to establish an uniform mode of recovering fines, penalties, and forfeitures, which before were to be recovered in modes almost as various as the penalties and forfeitures themselves. The 4th section of the chapter vests exclusive jurisdiction, in proceedings for this purpose, in justices of the peace or in the court of common pleas, according to the amount or value of the fine, penalty, or forfeiture sought to be recovered; and with this construction in relation to this class of criminal, or *quasi* criminal cases, may well stand with ch. 164, § 20, of the Revised Statutes, which defines the civil jurisdiction of this court."

This construction of the statute is controlling and governs this case. We therefore decide that the motion in arrest of judgment must be granted.

The papers in the cause, with our decision certified thereon will be remitted to the Superior Court for further proceedings.

*James C. Collins, Jr., Assistant Attorney-General,* for State.
*Thomas F. Farrell,* for defendant.