[Crim. No. 1454.   In Bank.—October 9, 1908.]

## Ex Parte S. C. HORNEF, on Habeas Corpus.

CRIMINAL LAW.— PRACTICING DENTISTRY WITHOUT LICENSE — ACT OF MARCH 23, 1901, IS CONSTITUTIONAL.—The act of March 23, 1901 (Stats. 1901, p. 564), entitled "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California, providing penalties for the violation hereof, and to repeal an act now in force relating to the same and known as 'An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry

in the state of California, approved March 12, 1885,'" is constitutional. The title of the act is not defective.

Id.—Amendment of Judgment of Conviction—Clerical Error.—Where a defendant had been informed against for practicing dentistry without a license, and had been convicted of that offense and judgment rendered against him, an erroneous recital in the entry of judgment that the defendant had been convicted of practicing *medicine* without a license is a mere clerical mistake, and the court may amend it to make it conform to the fact. Such an amendment is not the rendition of a second judgment.

Id.—Municipal Police Court—City Jail Place of Imprisonment.— Under the act of the legislature relative to the city of Oakland, the place of imprisonment of those convicted of any offense within the jurisdiction of the police court is the city jail.

Id.—Information for Practicing Dentistry without License—Exceptions Need not Be Negatived.—An information for the offense defined in subdivision 10 of section 19 of the act of March 23, 1901, is sufficient if it in effect alleges that the defendant was guilty of "practicing dentistry in the state without a license." It is not necessary that the information should allege, in line with the proviso or exception contained in section 1 of the act, that he did not have the lawful right to practice at the time the act was passed, or any fact or facts tantamount thereto. If the defendant had such right, that fact is a matter of defense.

Id.—When Exceptions Must Be Negatived.—In a complaint, indictment, or information it is only necessary to allege facts showing that an accused does not come within exceptions or provisos contained in the statute upon which the prosecution is based when the exception is so incorporated with and becomes a part of the enactment as to constitute a part of the definition or description of the offense.

Id.—Persons to Whom Act Is Applicable.—The offense defined in subdivision 10 of section 19 of the act of March 23, 1901, of practicing dentistry in the state without a license, is not limited only to those who first commenced practice in the state after the passage of the act.

Id.—Habeas Corpus — Discharge — Evidence that Defendant Was within Excepted Class.—A defendant, after being convicted of the offense of practicing dentistry in this state without a license, cannot, in proceedings on *habeas corpus*, be discharged by showing that he had the legal right to practice dentistry under the laws of this state at the time of the passage of the act of 1901. Such a defense should have been made on the trial.

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City of Oakland.

The facts are stated in the opinion of the court.

Austin Lewis, for Petitioner.

Everett J. Brown, W. J. Burpee, and John W. Stetson, for Respondent.

ANGELLOTTI, J.—The petitioner seeks his discharge from the custody of the chief of police of the city of Oakland, by whom he is imprisoned under a judgment of the police court of the city of Oakland, pronounced upon a conviction of the offense of practicing dentistry, without having a license so to do from the board of dental examiners of the state.

The act of the legislature, upon which the prosecution against petitioner was founded, is an act entitled "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California, providing penalties for the violation hereof, and to repeal an act now in force relating to the same and known as 'An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California, approved March 12, 1885,'" approved March 23, 1901 (Stats. 1901, p. 564). This act was held constitutional by this court in *Ex parte Whitley*, 144 Cal. 167, [77 Pac. 879], by an opinion which practically disposes of all the points made by petitioner in support of the claim that it is unconstitutional, except the objection that its title is defective. Wherein the title is defective counsel for petitioner does not indicate, and we perceive no basis for the objection.

The claim is made that the judgment under which petitioner is imprisoned is void for the reason that it is a judgment attempted to be given after the police court had exhausted its authority by rendering a previous judgment. The records and papers show clearly enough that the so-called second judgment was merely an order correcting the entry of the judgment on the records of the court to make it conform to the facts, a trifling clerical mistake having been made in the first entry in the recital of the offense of which petitioner had been convicted. He had been informed against for practicing dentistry without a license and had been convicted of that offense, and the judgment rendered on conviction was that he pay a fine of

fifty dollars, and in default of such payment that he be imprisoned in the city jail of the city of Oakland until the fine was satisfied, in the proportion of one day's imprisonment for every two dollars fine. In the entry of the judgment, the recital as to the offense of which petitioner had been convicted was to the effect that he had been convicted of practicing *medicine* without a license. The entry was amended by the court to make it conform to what was obviously the fact, and to the judgment as actually rendered, by substituting the word "dentistry" for the word "medicine." There was no second judgment.

It is further suggested that petitioner cannot be legally imprisoned in the *city* jail, the offense of which he was convicted being a misdemeanor under a state law, and that law prescribing that persons violating its provisions shall be punishable by a fine, or imprisoned in the *county* jail. This objection appears to be answered by the provisions of the act of the legislature relative to the city of Oakland, which are similar to those in regard to the police courts of other cities, to the effect that the place of imprisonment of those convicted of any offense within the jurisdiction of the court shall be the city jail.

As was indicated to counsel on the oral argument, the only reason we issued the writ in this matter was that we desired to hear argument upon the question of the sufficiency in one respect of the complaint against petitioner, upon which he was arrested, tried, and convicted. The law provides: "It shall be unlawful for any person to engage in the practice of dentistry in the state of California, unless said person shall have obtained a license from a board of dental examiners, duly authorized and appointed under the provisions of this act to issue licenses; provided that this act shall not affect the right under the laws of the state of California, of dentists to practice dentistry who have lawful right to practice dentistry at the time of the passage of this act." (Act of 1901, sec. 1; Stats. 1901, p. 564.) It further provides in section 19 of the act: "Any person, . . . shall be guilty of a misdemeanor, . . . who . . . 10. Is practicing dentistry in the state without a license, or whose license has been revoked or suspended." The proviso in section 1 is not very artistically expressed from a legal standpoint, but the meaning is probably clear enough,—viz.,

that all those having, at the time of the passage of the act, the lawful right under the laws of the state to practice dentistry, shall be excepted from the operation of the remaining portion of such section, requiring the obtaining of a license from the board appointed under said act. The complaint in the case at bar charged simply that petitioner on August 31, 1907, "did then and there practice dentistry without having a license so to do from the board of dental examiners of California, by displaying a sign advertising himself as a dentist," which constitutes "practicing" dentistry under an express provision of the act, and did not allege, in line with the proviso or exception in section 1, that he did not have the lawful right to practice at the time the act was passed, or any fact or facts tantamount thereto. As is apparent, it did allege facts constituting a public offense under subdivision 10 of section 19 of the act. Assuming that this subdivision must be read in connection with the proviso in section 1, the question is whether or not it was necessary to further allege facts showing that the accused was not within the proviso of section 1, in order to state a public offense.

It should be stated, for a better understanding of the meaning of the proviso, that at the time of the passage of this act there was in force a former act relative to the same subject, approved on March 12, 1885 (Stats. 1885, p. 110), which made it unlawful for any person not engaged in the practice of dentistry at the time of the passage thereof, to commence such practice without obtaining a license from a board of dental commissioners, and required every person then engaged in such practice to make proper proof thereof to such board within six months and to thereupon obtain from the board a certificate thereof, upon which he might continue to practice. The proviso in the act of 1901 referred, of course, to those who were then lawfully entitled to practice under the act of 1885. At the time of the passage of the act of 1901 it thus necessarily included all dentists then engaged in practice, except those who were then practicing in violation of the act of 1885, but we do not consider that this weighs materially in the determination of the question under consideration.

There is practically no conflict in the authorities as to what the general rule is in regard to the necessity of alleging in a complaint, indictment, or information, facts showing that an

accused does not come within exceptions or provisos contained in the statute upon which the prosecution is based. The accepted rule is expressed very clearly in *State* v. *Abbey,* 29 Vt. 60, [67 Am. Dec. 754]. It was there said: "The question is whether the exception is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition, or description of the offense; for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception and not its location which determines the question. Neither does the question depend upon any distinction between the words 'provided' or 'except' as they may be used in the statute. In either case, the only inquiry arises, whether the matter excepted, or that which is contained in the proviso, is so incorporated with, as to become, in the manner above stated, a part of the enacting clause. If it is so incorporated, it shall be negatived, otherwise it is a matter of defense." The court further said that such exceptions and provisos were to be negatived in the pleading only where they are descriptive of the offense or define it, and that where they afford matter of excuse merely, they are to be relied on in defense. (See, also, *United States* v. *Cook,* 17 Wall. (U. S.) 168, 173; *Territory* v. *Scott,* 2 Dak. 212, [6 N. W. 435] ; *State* v. *Flanagan,* 25 R. I. 371, [55 Atl. 876], and cases there cited.) Whatever conflict in the authorities on this matter is to be found is not in regard to the rule above stated, but rather in the application thereof to particular circumstances. In *State* v. *Abbey,* 29 Vt. 60, [67 Am. Dec. 754], the indictment was for the offense of bigamy, alleging simply a second marriage by defendant while his former wife was still alive. The statute contained a proviso that the act should not extend to any person whose husband or wife had been out of the state for seven years together, the party marrying not knowing the other party to be living within that time, or to persons divorced, or when the marriage had been declared null and void by decree of court, or when the former marriage was within the age of consent and was not afterward assented to. It was held that these things all constituted matters of defense and need not be negatived in the indictment. The situation was practically the same in *State* v. *Gallagher,* 20 R. I. 266, [38 Atl. 655], and the same rule was applied. In *Billig-*

*heimer* v. *State,* 32 Ohio St. 435, the statute made an act of common labor on Sunday an offense, provided that nothing therein contained should be construed to extend to those who conscientiously observed the seventh day of the week as the Sabbath, and it was held that the matter stated in the proviso was a matter of defense and need not be negatived in the complaint. In *State* v. *Ah Chew,* 16 Nev. 50, [40 Am. Rep. 488], the statute made it unlawful to sell, etc., opium, except for druggists and apothecaries, who might sell it on prescriptions of physicians, and the indictment simply alleged a sale, without negativing the exception. It was held that the exception did not define or qualify the offense created by the statute, and that the indictment was sufficient. In both *State* v. *Flanagan,* 25 R. I. 371, [55 Atl. 876] and *State* v. *Heffernan,* (R. I.) 68 Atl. 364, the indictments were for practicing medicine without a license. The statute provided that it should not be construed to prohibit gratuitous services in case of emergency, and that it should not apply to commissioned surgeons of the United States army or navy, or marine hospital service, or to legally qualified physicians of another state called to see a particular case, etc. The indictments simply alleged the practice of medicine without a license, without negativing the exceptions, and were held sufficient. (See, also, *State* v. *Fuller,* 33 N. H. 259.) On the other hand, in *State* v. *Mahony,* 24 R. I. 338, [53 Atl. 124], the statute provided that "no person, unless a registered pharmacist," etc. shall retail medicines or poisons, and it was held that the limitation had been made a substantial part of the statutory definition of the offense, and must be negatived. This illustrates the distinction very clearly, There is apparently no decision of this state which is directly in point. (See, however, *People* v. *Nugent,* 4 Cal. 341; *People* v. *Collins,* 105 Cal. 504, [39 Pac. 16].)

The case at bar is practically the same as *State* v. *Flanagan,* 25 R. I. 371, [55 Atl. 876]; and *State* v. *Heffernan,* (R. I.) 68 Atl. 364, and is clearly a case where it was not necessary to allege in the complaint facts showing that the accused did not come within the terms of the proviso or exception. The offense of which petitioner was convicted, as defined by the statute, was "practicing dentistry in the state without a license." (Act of 1901, sec. 19, subd. 10.) The matters

stated in the proviso to section 1 constitute no part of the definition or description of this offense. At most, the proviso is a statement of an exception which in no degree qualifies the offense created by the statute, but simply exempts certain persons from the operation of such statute. As such, it was available to the petitioner in defense of the charge made against him in the police court, if he came within its provisions, but it was not necessary that the complaint should allege that he was not within its terms.

Counsel for petitioner, relying on the language of section 1 of the act of 1901, [Stats. 1901, p. 564], "it shall be unlawful for any person to *engage* in the practice of dentistry," etc., contends that the act is applicable only to those who first commenced practice in the state after its passage, and that the complaint should allege such a commencement of practice after the passage of the act in order to state a public offense. We have already set forth subdivision 10 of section 19 of the act, which is a sufficient answer to this claim.

It is further alleged that the petition in this *habeas corpus* proceeding showed that petitioner had the legal right to practice dentistry under the laws of this state at the time of the passage of the act of 1901, and, therefore, was not required to have a license as provided by subdivision 10 of section 19 of the act. It should be unnecessary to say that this cannot avail petitioner in this proceeding. If he had any such defense on the facts to the charge against him the time to make it was on his trial in the police court. The decision of that court as to the facts cannot be reviewed on *habeas corpus.*

The writ heretofore issued must be discharged and the petitioner remanded to the custody of the chief of police of the city of Oakland, and it is so ordered.

Sloss, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.