### UNITED STATES v. SCOTT.

(District Court, D. Rhode Island.    February 28, 1918.)

No. 302.

1. ARMY AND NAVY ⟨⟩28—STATUTORY PROVISIONS—VALIDITY.
    The Selective Service Act May 18, 1917, c. 15, § 13, 40 Stat. 83, authorizing the Secretary of War to suppress and prevent houses of ill fame within such distance as he may deem needful of any military camp, etc., is within the power of Congress under Const. art. 1, § 8, cl. 18, authorizing Congress to make all laws necessary and proper for carrying into execution the powers vested in the government of the United States or any department or officer thereof.

2. CONSTITUTIONAL LAW ⟨⟩62—LEGISLATIVE POWERS—DELEGATION.
    Selective Service Act, § 13, as to disorderly houses, does not delegate legislative power to the Secretary of War, but empowers him to ascertain and declare the zone within which the statute shall take effect.

3. CONSTITUTIONAL LAW ⟨⟩48—PRESUMPTIONS AND CONSTRUCTION IN FAVOR OF CONSTITUTIONALITY.
    It is only in clear cases that statutes are declared unconstitutional, and a statute is supported by the presumption of constitutionality.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. INDICTMENT AND INFORMATION ⬳111(1)—SUFFICIENCY OF ACCUSATION—
    NEGATIVING EXCEPTIONS.
        Under Selective Service Act, § 13, providing that any one receiving or
    permitting any person to be received or to remain in any place for an im-
    moral purpose within such distance of any military camp, etc., as may
    be designated shall be punished as therein specified, unless otherwise
    punishable under the Articles of War, an indictment need not negative the
    exception, as it forms no part of the definition of the offense, and does not
    exempt any general class of persons from criminal liability, but is an
    "excusatory defense," which defendant has the burden of alleging and
    establishing.

5. INDICTMENT AND INFORMATION ⬳61—MATTERS TO BE PLEADED—JUDICIAL
    NOTICE.
        An indictment under Selective Service Act, § 13, as to disorderly houses,
    was not defective, because not giving the correct date of the regulations
    prescribed thereunder, as they have the force of law and are matters of
    judicial notice, which the pleader was not required to state.

Cynthia Scott was indicted for keeping a house of ill fame within
five miles of a naval training station and fort. On demurrer to the
indictment. Demurrer overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
William H. Lewis, of Boston, Mass., for defendant.

BROWN, District Judge. By demurrer to this indictment, which
charges the keeping of a house of ill fame within five miles of the naval
training station and of Ft. Adams, Newport, R. I., the defendant ques-
tions the constitutionality of section 13 of "An act to authorize the
President to increase temporarily the military establishment of the
United States," known as the "Selective Service Act," approved May
18, 1917, and also the constitutionality and legal validity of the orders,
rules, and regulations made by the President, the Secretary of the
Navy, and the Secretary of War in pursuance thereof.

These questions were fully considered in an opinion of the United
States District Court for the Southern District of Ohio, Eastern Divi-
sion, in United States v. Thomas Casey et al., 247 Fed. 362, printed in
Bulletin No. 46, Interpretation of War Statutes.

[1, 2] Constitutional power in Congress to enact this legislation is
found in article 1, section 8, clause 18; and it is pointed out that the
act does not delegate legislative power to the Secretary of War, but
empowers him to make a regulation ascertaining and declaring the
zone within which the statute, which expresses the will of Congress,
shall take effect.

[3] The suppression in time of war, in districts immediately adja-
cent to military stations, of sources of contagion likely to affect and
impair the efficiency of the officers and enlisted men of the army and
navy, violates no constitutional rights of the defendant, and seems
properly within the constitutional power of Congress. The demurrer,
so far as it asserts grounds of unconstitutionality seems without merit.
It is only in clear cases that statutes are declared unconstitutional; and
this statute is supported, not only by the presumption of constitution-
ality, but by good authority and sound reasons.

[4] It is further urged that the indictment is defective, in that it contains no allegation that the offense set out is not punishable under the Articles of War. Section 13 contains the clause "unless otherwise punishable under the Articles of War." Counsel for the defendant points out no Article of War under which, for the acts charged, the defendant, a woman, might be punishable as a legal possibility; but, even if there be any Article of War comprehensive enough to include this defendant, it would seem unnecessary that the indictment should negative this clause. It forms no part of the definition of the offense; neither does it exempt any general classes of persons from criminal liability for the acts charged. It sets forth grounds of defense peculiarly within the knowledge and ability to prove of a defendant, if existing, and its purpose is to avoid a conflict with the jurisdiction of courts-martial rather than to afford immunity to an offender.

In United States v. Cook, 17 Wall. 168, 173 (21 L. Ed. 538) it was said:

"* * * If the language of the section defining the offense is so entirely separable from the\ exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused."

The character of this exemption shows that it is impractical to cast upon the government the burden of negativing it. If the defendant is in fact amenable to and punishable under some Article of War, and thus has what is termed an "excusatory defense" against trial upon the indictment, the burden of alleging and establishing it is upon the defendant, and the indictment need not anticipate nor negative it. 1 Wharton's Cr. L. 380; United States v. Carney (D. C.) 228 Fed. 163, 169. See, also, State v. Heffernan, 28 R. I. 477, 68 Atl. 364; State v. Flanagan, 25 R. I. 369, 55 Atl. 876; State v. Gallagher, 20 R. I. 266, 38 Atl. 655.

[5] It is further objected to the second and fourth counts that they refer to regulations of July 24, 1917, when in fact the regulations are of the date of July 25, 1917. As the regulations, when promulgated, have the force of law, and in conjunction with the statute are matters of judicial notice, which the pleader is not required to state, there is no merit in this ground of demurrer.

Demurrer overruled.