234 A.2d 115.

STATE *vs.* CHARLES T. PERRY.

OCTOBER 19, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This petition for certiorari seeks to review the action of a superior court justice in referring an indictment to the family court for disposition.

It appears from the record certified to this court that petitioner, Charles T. Perry, allegedly stabbed his wife, Shirley Perry, on December 29, 1965. Charged with the offense of assault with intent to kill, he was bound over to the grand jury for the counties of Providence and Bristol which, on July 5, 1966, returned a true bill charging petitioner with the crime of assault with a dangerous weapon. The return was made to the superior court pursuant to the provisions of G. L. 1956, §8-2-15.[1]

Arraigned in the superior court, petitioner pleaded not guilty, was released in personal recognizance and was given time in which to file special pleas. Subsequently he filed a plea in abatement, wherein he challenged the jurisdiction of the grand jury, averring that by reason of G. L. 1956, §8-10-4, as amended,[2] jurisdiction was vested in the family court. Arguments on the plea were thereafter heard by a superior court justice, who concluded that jurisdiction of the offense was vested in the family court. However, he refused to consider petitioner's plea and referred the case to the family court, directing the clerk to forward the indictment and all papers in the case to that tribunal.

---

[1] Criminal Jurisdiction.—The superior court shall have original jurisdiction of all crimes, offenses and misdemeanors, except as otherwise provided by law, and shall sentence all persons found guilty before it to the punishment prescribed by law, and all indictments found by grand juries shall be returned into said court.

[2] Criminal cases referred to family court.—To said family court shall also be referred for hearing, adjustment, reconciliation, decision and sentence all causes properly brought in said court or appealed from other courts in which the defendant is accused, as provided by the statutes, * * * of threat to commit a crime or offense against the person or property of the defendant's husband, wife, children, father or mother; assault, assault and battery, or assault with a dangerous weapon, or attempt at such assault, upon the defendant's wife or husband or children, or upon a parent by his child.

The petitioner thereupon commenced the instant proceedings.

It is his position that the superior court justice misconceived his jurisdiction in refusing to quash the indictment for the reason, petitioner argues, that the grand jury lacked jurisdiction in light of petitioner's marital status. He predicates this argument on two interrelated propositions. They are: that by virtue of §8-2-15, *supra,* the jurisdiction of the grand jury is coextensive with and no greater than that of the superior court, citing *State* v. *Edwards,* 89 R. I. 378, 153 A.2d 153 (1959), and that jurisdiction over the crime of assault with a dangerous weapon by a husband made upon his spouse is vested in the family court, with which the grand jury has no legal affiliation, citing *State* v. *Nichols,* 27 R. I. 69, 60 Atl. 763 (1905).

Furthermore, petitioner argues that the offense of assault with a dangerous weapon being punishable by imprisonment for as much as ten years (G.L. 1956, §11-5-2) is an infamous crime within the meaning of art. I, sec. 7, of the Rhode Island constitution. It provides in pertinent part, "No person shall be held to answer for a capital or other infamous crime, unless on presentment or indictment by a grand jury * * *."

In *Nichols, supra,* at page 83, 60 Atl. 768, this court held:

"We are therefore of the opinion that the expression 'infamous crimes' as used in the constitution designates crimes which at any given time may be punished by imprisonment in the state prison for a term of one year or more, and that crimes or offences punishable otherwise, as by fine only or by confinement elsewhere or for a shorter term than one year, are not 'infamous crimes,' within the purview of this section of the constitution."

Thus, petitioner concludes, the grand jury which returned the indictment having been impanelled by the superior court, which is without jurisdiction in the premises, and there being no grand jury which can be empowered to act

for the family court, the indictment on which he was arraigned is a nullity and should have been quashed. He frankly concedes that on the view he takes of the applicable law, a married man can assault his wife with impunity unless or until the legislature enacts effective amendments to the existing statutes.

We think it clear, however, that the superior court justice's concept of the jurisdiction conferred by the applicable statutes is correct. When the family court was established in 1961 and jurisdiction for "hearing, adjustment, reconciliation, decision and sentence" of certain enumerated offenses was vested in that court by P. L. 1961, chapter 73, sec. 1, now §8-10-4, as amended,[2] *supra,* the legislature was aware that assault with a dangerous weapon was an indictable offense and cognizable by the superior court pursuant to the provisions of §8-2-15, unless as specifically provided by the last cited section, jurisdiction over the offense was expressly conferred on another tribunal. Although it might have employed other measures, the general assembly, determining that the hearing and disposition of certain enumerated misdemeanors and felonies affecting the preservation of the family as a unit should be the exclusive concern of the family court, opted in its wisdom to retain original jurisdiction for initiating the prosecution of such enumerated offenses in the district or superior courts as the case might be. See *State* v. *Zittel,* 94 R. I. 325, 180 A.2d 455 (1962). On arraignment, however, in the court where the offense is cognizable, jurisdiction to hear, sentence or make other disposition, attaches to the family court when, by reason of the relationship of the defendant to a member or members of his family, the offense with which he is charged falls within the classification expressly enumerated in §8-10-4, *supra.*

Recognizing that this court might so construe the statutory provisions involved, the petitioner further argues that

such construction is defective for the reason that the general assembly neglected to provide in what manner an appropriate case should be referred by the cognizable court to the family court. This, however, calls for a ministerial act to be performed by the clerk on order of the justice of the referring court, as was done in the case at bar; and the petitioner's contention that in so concluding, this court is indulging in legislation is without merit. It is elementary that when the legislature inadvertently omits to provide for a ministerial act whereby its basic mandate can be effectuated, the tribunal empowered to effectuate the legislative will may employ its normal processes to the end that the basic intention of the legislature will be given force and effect. See *New England Die Co.* v. *Gen. Products Co.*, 92 R. I. 292, 168 A.2d 150 (1962), and *Capaldi* v. *Liberty Tool & Gage Works, Inc.*, 99 R. I. 236, 206 A.2d 639 (1965).

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the superior court for further proceedings in accordance with this opinion.

*Charles H. McLaughlin*, for petitioner.

*Herbert F. DeSimone*, Attorney General, *Donald P. Ryan*, Assistant Attorney General, for State.