247 A.2d 86.
KENNETH R. DUTTON *vs.* HAROLD V. LANGLOIS.

OCTOBER 30, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.  The petitioner in this habeas corpus proceeding challenges the legality of his detention under a seven-year sentence imposed by a superior court justice upon his plea of nolo contendere to a charge of assault with a dangerous weapon.  The arraignment on that charge followed the nol prossing[1] of an indictment charging an assault with intent to murder.  Although he did not urge it when sentence was imposed, the petitioner now claims that jurisdiction to proceed further in the case was lost by the superior court and attached to the family court when, upon his arraignment on the charge of assault with a dangerous weapon, the sentencing justice was advised that the victim of the alleged assault was the wife of the accused.  That claim has merit.  *State* v. *Perry*, 103 R. I. 6, 234 A.2d 115.

What is controlling under the *Perry* case is not the charge for which an accused may be indicted, but whether the charge upon which he is arraigned falls within the classification of crimes enumerated in G. L. 1956, §8-10-4, as amended.  If, as in the instance of a charge of assault with a dangerous weapon, it falls within the classification, and if the prerequisite family relationship exists and is made known, then the superior court is ousted of its jurisdiction to pro-

---

[1] The superior court jacket entry in this case reads in part "* * * Deft. appears and charge of 'Assault with Intent to Murder' nol-prossed. Deft. arraigned and pleads nolo contendere to 'Assault with a Dangerous Weapon' * * *." The transcript of the proceedings however, discloses that the State, with the defendant's consent, amended the original indictment to read "Assault with a dangerous weapon." No issue having been made of the discrepancy between the two, we took the travel of the case from the jacket entries. For a comparable situation where a question was raised concerning which controlled see *Brady* v. *Langlois*, 104 R. I. 301, 243 A.2d 906.

ceed further. Thereupon exclusive jurisdiction vests in the family court to which the case must be referred. This we made clear in *Perry* when at 103 R. I. at 9, 234 A.2d at 117, we said:

"* * * On arraignment, however, in the court where the offense is cognizable, jurisdiction to hear, sentence or make other disposition, attaches to the family court when, by reason of the relationship of the defendants to a member or members of his family, the offense with which he is charged falls within the classification expressly enumerated in §8-10-4, supra."

It matters not that the jurisdictional defect was not raised by petitioner in the superior court at the time of the imposition of sentence inasmuch as a decision of a court lacking jurisdiction is without validity even if participated in by all of the parties, *Petition of Loudin*, 101 R. I. 35, 219 A.2d 915. Moreover, valid objections to the jurisdiction of a court over the subject matter are not waived, but may be raised at any stage of the proceedings by either party. *In re City of Warwick*, 97 R. I. 294, 296, 197 A.2d 287, 288; *Landry* v. *Cornell Constr. Co.*, 87 R. I. 4, 7, 137 A.2d 412, 414; *McGann* v. *Board of Elections*, 85 R. I. 223, 235, 129 A.2d 341, 347.

The petition for habeas corpus is granted; the respondent is directed to discharge the petitioner from that custody to which he is held pursuant to the mittimus issued following the imposition of sentence on the charge of assault with a dangerous weapon by the superior court on August 29, 1966; and the petitioner shall be presented to the family court forthwith for further proceedings in accordance with this opinion.

*James Cardono*, Public Defender, *John P. Toscano, Jr.*, Assistant Public Defender, for petitioner.

*Herbert F. DeSimone*, Attorney General, *Donald P. Ryan*, Assistant Attorney General, for respondent.