STATE

v.

**Theresa BOUCHER and Denise Flinkfelt.**

No. 82–554–C.A.

Supreme Court of Rhode Island.

Dec. 22, 1983.

Dennis J. Roberts II, Atty. Gen., Randall White, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Paula Rosin, Asst. Public Defenders, Chief Appellate Div., Morton J. Marks, Thomas W. Pearlman, Pearlman & Vogel, Providence, for defendant.

## OPINION

KELLEHER, Justice.

In the spring of 1981, a statewide grand jury returned a three-count indictment in which the defendants, Theresa Boucher (Boucher) and Denise Flinkfelt (Flinkfelt), were charged with (1) being habitually cruel to a child under the age of eighteen, a violation of G.L.1956 (1981 Reenactment) § 11–9–5; (2) failing to report a known or suspected incident of child abuse, a violation of G.L.1956 (1977 Reenactment) § 40–11–3, as amended by P.L.1979, ch. 248, § 9, and § 40–11–6.1, as enacted by P.L.1979, ch. 248, § 10; and (3) knowingly making or causing to have made a false statement of a crime, a violation of § 11–32–2. Hereinafter we shall refer solely to Boucher, for what we rule relative to her appeal applies with equal force to Flinkfelt.

When this case came on for trial, the trial justice granted Boucher's motion that the cruelty charge be transferred to the Family Court. However, the trial justice refused to transfer the remaining charges, both misdemeanors, to the District Court. This refusal is dispositive of Boucher's appeal.

The trial justice based his refusal to transfer the two misdemeanors to the District Court on this court's ruling in *State v. Young*, R.I., 414 A.2d 185 (1980), in which an indictment charged the defendant with the commission of a variety of felonies and one misdemeanor, an assault. The jury acquitted Young of the felony charges but returned a guilty verdict on the misdemeanor count. In rejecting Young's contention that the Superior Court did not have jurisdiction over the misdemeanor charge, this court alluded to certain provisions of the Superior Court Rules of Criminal Procedure, specifically, Super.R.Crim.P. 8(a), which provides that two or more offenses, whether they be felonies or misdemeanors or both, may be charged in the same indictment as long as they are of the same or similar character or are based upon the same act or transaction. This provision, we said, confers jurisdiction on the Superior Court to try misdemeanors that are properly joined with the felony charges, and the court retains jurisdiction over the misdemeanor even though the jury has returned a not-guilty verdict on the felony charges.

However, here the "exclusive original jurisdiction" to try the cruelty charge (a felony) against Boucher by the specific terms of § 11–9–9 is vested in the Family Court. The trial justice recognized this fact when he transferred the cruelty charge to the Family Court.

Years ago in *Dutton v. Langlois,* 104 R.I. 528, 247 A.2d 86 (1968), a husband challenged the legality of a sentence imposed upon him by a Superior Court justice after accepting the husband's nolo plea to a charge of having assaulted his wife with a dangerous weapon. Such a crime, by the provisions of G.L.1956 (1969 Reenactment) § 8–10–4, was and still is within an enumerated group of crimes that are to be transferred to the Family Court "for hearing, adjustment, reconciliation, and sentence." The court in *Dutton* emphasized that once an individual is arraigned on one of the enumerated charges,

"then the superior court is ousted of its jurisdiction to proceed further. * * * It matters not that the jurisdictional defect was not raised by petitioner in the superior court at the time of the imposition of sentence * * *. [V]alid objections to the jurisdiction of a court over the subject matter are not waived, but may be raised at any stage of the proceedings by either party." *Dutton v. Langlois,* 104 R.I. at 529–30, 247 A.2d at 87.

Here the situation before the trial justice when Boucher sought a transfer of the misdemeanor charges to the District Court was something akin to that presented to a federal judge who is confronted with claims under both federal and state law and is asked to invoke the doctrine of pendent jurisdiction and entertain both claims even though one is not otherwise cognizable in the federal jurisdiction. Before the doctrine can be employed, the court must have subject-matter jurisdiction of a substantial

federal claim. The entire theory of pendent jurisdiction is predicated on the existence of subject-matter jurisdiction. *Ray v. Tennessee Valley Authority,* 677 F.2d 818, 824–25 (11th Cir.1982); 3A Moore, *Federal Practice* ¶ 18.07 at 18–43 (2d ed. 1982).

In a somewhat like manner the trial justice erred in attempting to dispose of the misdemeanor charges because the predicate for his actions, to wit, subject-matter jurisdiction of the cruelty charge, was lacking and the original subject-matter jurisdiction to try the misdemeanors remained in the District Court pursuant to the terms of § 12–3–1.[1]

The defendants' appeals are sustained, the judgments of conviction are vacated, and the case is remanded to the Superior Court with a direction that it be transferred to the District Court.

BEVILACQUA, C.J., did not participate.

1. In its pertinent portions, G.L.1956 (1981 Reenactment) § 12–3–1 reads: "The district court shall have jurisdiction * * * of all crimes, offenses, misdemeanors * * * punishable by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding one (1) year, or both * * *."