**STATE**

v.

**Charles William SICKLES.**

**No. 83–29–C.A.**

Supreme Court of Rhode Island.

Jan. 17, 1984.

Dennis J. Roberts II, Atty. Gen., John E. Migliaccio, Asst. Atty. Gen., for plaintiff.

Edward J. Mulligan, Pawtucket, K. George Joovelegian, Coventry, for defendant.

OPINION

MURRAY, Justice.

This is an appeal challenging the defendant's 1982 misdemeanor conviction in the Superior Court of "malicious injury to property." The sole question presented by this appeal is whether the Superior Court had original jurisdiction over the misdemeanor offense.

In 1981, a secret indictment was returned against defendant Charles William Sickles charging a violation of G.L.1956 (1981 Reenactment) § 11–44–1, which prohibits the willful and malicious injury to property and provides for punishment by a fine not exceeding $500 or imprisonment not exceeding one year. No prior charge in this regard had been brought in the District Court. The indictment stemmed from defendant's alleged defacing of The Jewish Community Center in Providence. The defendant's motion to transfer the case to the District Court, on the ground that § 12–3–1 confers original jurisdiction over misdemeanors upon the District Court, was denied. The defendant makes several claims on appeal, but we find the jurisdictional issue dispositive. We hold that the misdemeanor charge was improperly brought before the Superior Court, that § 12–3–1 expressly confers original jurisdiction over

misdemeanors upon the District Court, and that the trial judge's denial of defendant's motion to transfer constituted reversible error.

Section 12–3–1 provides that "[t]he district court shall have jurisdiction and cognizance of all crimes, offenses, misdemeanors, and violations * * * punishable by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding one (1) year, or both * * *." This court has consistently held that, in enacting § 12–3–1, the Legislature expressly conferred upon the district courts original jurisdiction over misdemeanors. *State v. Boucher*, 468 A.2d 1227 (R.I.1983); *State v. Zittel*, 94 R.I. 325, 329, 180 A.2d 455, 457 (1962); *State v. Heffernan*, 28 R.I. 477, 481–82, 68 A. 364, 365–66 (1907).

Our decision this term in *Boucher, supra,* is instructive. The defendants in *Boucher* were charged with one felony count and two misdemeanor counts. The felony charge, habitual cruelty to a child under the age of eighteen years, was properly transferred to the Family Court pursuant to G.L.1956 (1981 Reenactment) § 11–9–9. However, the trial justice refused to transfer the remaining misdemeanor charges to the District Court. In making this ruling, the trial justice relied on *State v. Young*, R.I., 414 A.2d 185 (1980) where this court held that, under Rule 8(a) of the Superior Court Rules of Criminal Procedure, the Superior Court had original jurisdiction over a misdemeanor charge that was properly joined with a felony charge.[1] 414 A.2d at 187. We noted in *Young* that this so-called joinder rule "acts as a safeguard against harassment of defendants and unfair prosecutorial advantage." *Id.*

Once the felony charge in *Boucher* was transferred to the Family Court, it was no longer "joined" with the misdemeanor charge. Thus, under Rule 8(a) and *Young,* the defendant in *Boucher* could not be tried in the Superior Court; in the absence of a properly joined felony charge, jurisdiction over the misdemeanor remained in the District Court pursuant to § 12–3–1. *State v. Boucher,* at 1229.

In the present case, the situation is much simpler. The defendant was never charged with a felony, and thus the state was afforded no basis on which to try this case in the Superior Court.

We hold that a defendant charged with a misdemeanor can be tried in the Superior Court *only* if the misdemeanor is properly joined with a felony. Absent a properly joined felony charge, original jurisdiction over a misdemeanor charge is vested in the District Court pursuant to § 12–3–1.[2]

The defendant's appeal is sustained, the conviction is vacated, and the case is remanded to the Superior Court with a direction that it be transferred to the District Court.

---

1. Rule 8(a) of Super.R.Crim.P. provides as follows:

   "Two (2) or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan."

2. This is not to say, of course, that a defendant charged with a misdemeanor cannot, if he so chooses, demand a trial by jury in the Superior Court. In fact, a defendant arraigned in District Court charged with a misdemeanor that, upon conviction, could result in the imposition of a sentence of imprisonment for a term in excess of six months is presumed to have requested a trial by jury in the Superior Court unless a waiver is filed within ten days after arraignment. *State v. Holliday,* 109 R.I. 93, 104, 280 A.2d 333, 339 (1971); *see* Dist.R. Crim.P. 23. Filing of a waiver allows such a defendant to be tried without a jury in the District Court. Thus, the defendant is afforded the right to choose between a nonjury trial in the District Court and a trial by jury in the Superior Court.

   In the present case, defendant was afforded no such choice. Upon return of the indictment, he was arraigned and subsequently tried in Superior Court. The state effectively made defendant's choice for him.